**2015 UT App 8**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF O.T.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

A.P.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20141015-CA
Filed January 8, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable James R. Michie Jr.
No. 1086165

Richard K. Clark, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys for Appellee

Jeannine P. Timothy, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS,
and MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1　A.P. (Mother) appeals the termination of her parental rights. We affirm.

¶2　"[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous

standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The juvenile court found that Mother neglected O.T. *See id.* § 78A-6-507(1)(b). The court also found that Mother was an unfit or incompetent parent. *See id.* § 78A-6-507(1)(c). The court further found that O.T. was being cared for in an out-of-home placement; that Mother had substantially neglected, willfully refused, or had been unable or unwilling to remedy the circumstances that caused the child to be in an out-of-home placement; and that there is a substantial likelihood that Mother will not be capable of exercising proper and effective parental care in the near future. *See id.* § 78A-6-507(1)(d). The court found as additional grounds for termination that Mother had experienced a failure of parental adjustment, *see id.* § 78A-6-507(1)(e), and that Mother made only token efforts to support or communicate with the minor children, to eliminate the risk of abuse, or to avoid being an unfit parent, *see id.* § 78A-6-507(1)(f). Finally, the court found that it was in the best interest of O.T. to terminate Mother's parental rights, *see id.* § 78A-6-506(3), and that the Division of Child and Family Services (DCFS) made reasonable and appropriate efforts to provide services to Mother in an attempt to reunify her with her child, *see id.* § 78A-6-507(3)(a).

¶4    In her petition on appeal, Mother does not challenge the juvenile court's findings that she experienced a failure in her parental adjustment or that she made only token efforts to avoid being an unfit parent. Because any one of the unchallenged grounds is sufficient to establish grounds for termination of parental rights, we need not consider Mother's challenge to the remaining grounds found by the juvenile court.

¶5      Mother separately challenges the juvenile court's finding that DCFS made reasonable efforts to reunify O.T. and Mother. The caseworker testified that she asked to go over the service plan with Mother after a visit, but Mother chose not to do so. Mother admitted that she left after the visit rather than meeting with the caseworker and that she was incarcerated prior to the next team meeting where the plan would be discussed. The juvenile court found that even if the caseworker and Mother did not meet about the plan, the service plan requirements were described and discussed in court hearings and were known to Mother. We defer to the juvenile court's assessment of witness credibility. *See In re L.M.*, 2001 UT App 314, ¶ 11 n. 2, 37 P.3d 1188 (stating that the juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and to make findings of fact based upon those determinations). Mother admitted that she began using drugs six months before the removal of O.T. Her drug and alcohol evaluation recommended residential drug treatment. Mother admitted that she voluntarily left treatment at House of Hope three times. Although she was later released from jail to The Haven, she left treatment again. Mother requested visitation with O.T. after her April 2014 release from jail; however, reunification services had been terminated, and the child's therapist did not authorize the visit. Although Mother was offered an array of services including drug treatment, supervised visitation, and drug testing, she failed to comply with services or to maintain contact with the caseworker. The juvenile court's finding that DCFS made reasonable efforts is amply supported by the evidence.

¶6      Mother also challenges the best interest finding, but she does not demonstrate that the finding lacks adequate evidentiary support. O.T. was in a "legal risk" foster placement. He had made significant progress in addressing both his developmental delays and behavioral issues while in the foster home. He was bonded to the foster family, who wanted to adopt him. The evidence amply supports the best interest finding.

¶7      Affirmed.

————————